UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | No. 19-CR-10459-(48)-RWZ |
| | ) | |
| JEREMIA MEDINA, | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PRIOR
MOTION FOR RELEASE ON CONDITIONS UNDER 18 U.S.C. § 841(a)(1) AND THE
SPECIAL CIRCUMSTANCES OF THE COVID-19 PANDEMIC**

The defendant in the above-entitled matter, Jeremia Medina, through his attorney,

hereby supplements his earlier 'Motion For Release Under 18 U.S.C. 841(a)(1) And The Special

Circumstances Of The Covid-19 Pandemic' (D-637) and moves this Honorable Court for an

emergency order admitting defendant to pretrial release for the reasons stated herein.

**SUMMARY OF SUPPLEMENTAL ARGUMENT FOR RELEASE**

Mr. Medina is at great risk for contracting the Covid-19 virus because social distancing is

impossible in the setting of Norfolk County Jail.  The incidence of infection by the virus is much

greater in incarcerated populations than in the country as a whole.  And most significantly, the

sheriff's statistics of a tiny number of confirmed cases is deceptive.  Because there is no vaccine,

there are only two ways to prevent the spread of COVID-19: physical social distancing (i.e.,

remaining at least six feet away from other people) and hygiene (i.e., hand washing and regular

cleaning of surfaces).

**ARGUMENT**

**A.  Greater Risk of Infection for Incarcerated Populations.**

Current information indicates that there is a much higher incidence of infection by the COVID-19 virus among the incarcerated than in the general population.  See Exhibit A, attached. The graph shows in dramatic terms the far greater risk the incarcerated  face for contracting this deadly virus than does the national population as a whole.

**B.  Social Distancing and Proper and Constant Sanitizations are Very Difficult for Incarcerated  Individuals to Maintain.**

Social distancing, hand washing and vigilant sanitization are much more difficult to maintain in the incarcerated  population than in the at large population.  That is certainly true for the defendant given the current conditions at the Norfolk County Jail where he has been detained since December 6, 2019.  See Exibit B, Sworn Statement of Counsel, attached.

As the affidavit shows, social distancing is, as a practical matter, impossible to maintain in the crowded conditions extant in Pod 2B at the Norfolk Jail. Until a short time ago the staff at Norfolk did not even supply the defendant with soap or sanitizers.  Recently, it is true, the staff has been distributing face masks (initially flimsy cloth models but lately more substantial ones) and thin rubber gloves on a weekly basis.  This, of course, does not increase the opportunity for proper social distancing.  This is reflected in the graph comparing the increase in infection rates between the incarcerated population and the national population  between March 20 and April 9, 2020.  Exhibit A. The rate of infection among the incarcerated population in the Bureau of Prisons system increased by approximately 2,000% while that of the general population at approximately 100%.  Id. There are other examples where the COVID-19 virus has stormed through incarcerated populations at a significant rate.  For instance, BOP statistics show that on

2

April 6, 2020 there were 194 federal inmates who tested positive for the virus and eight deaths

from the same.  Five inmates died of COVID-19 at Oakdale I FCI in Oakdale, Louisiana. Three

inmates had died at Elkton FCI in Lisbon, Ohio.  By April 19, less than two weeks later, there

were 495 BOP inmates who had contracted the virus and 22 inmates had died.  Among the dead

were six at Elkton FCI and seven at Oakdale I FCI.   Exhibit C.

Mr. Medina does not want to become another fatality in the federal system.  As shown in

his Motion for Release on Conditions, he has met his burden and shown by clear and convincing

evidence that if released he would not pose a danger to any person or the community at large nor

does he pose a risk of flight.  His family is fully supportive of him. The proposed custodian, his

friend Zuleika Perez, is willing to take him into her home in New Bedford, Massachusetts, to

accept GPS monitoring and report any violations thereof  to Probation.  She will make sure that

Mr. Medina does not venture outside the residence except  if he obtains employment, or needs to

meet with counsel or consult a doctor.  She will abide by any other responsibilities the court

should impose on her.[1]

## **CONCLUSION**

Based on the foregoing and arguments previously advanced in his Motion for Release on

Conditions, the defendant respectfully requests that his motion be allowed and for such further

relief as the court deems just and appropriate.

Respectfully submitted,

---

[1]  See also Exhibit D, attached, comprised of letters of support and certificates of achievement
received while Mr. Medina has been detained pretrial.

**JEREMIA MEDINA,**

By his attorney,


/s/Raymond E. Gillespie
Raymond E. Gillespie, Esquire
B.B.O. #192300
875 Massachusetts Avenue Suite 32
Cambridge, MA  02139
(617) 661-3222
rgillespie1@prodigy.net


## CERTIFICATE  OF  SERVICE

I hereby certify that on April 23, 2020 the foregoing document has been served upon all persons listed in the Notice of Electronic Filing entered in the CM/ECF system in connection with the instant case:


/s/ Raymond E. Gillespie
Raymond E. Gillespie

4