AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| United States of America | ) |
|---|---|
| v. | ) |
| JEREMIA MEDINA | ) Case No. 19-10459-RWZ |
| Defendant | ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
    ☐ (1) the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
        ☐ (a) a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
        § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
        ☐ (b) an offense for which the maximum sentence is life imprisonment or death; **or**
        ☐ (c) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the
        Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act
        (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
        ☐ (d) any felony if such person has been convicted of two or more offenses described in subparagraphs
        (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses
        described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal
        jurisdiction had existed, or a combination of such offenses; **or**
        ☐ (e) any felony that is not otherwise a crime of violence but involves:
        (i) a minor victim; (ii) the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
        (iii) any other dangerous weapon; or (iv) a failure to register under 18 U.S.C. § 2250; **and**
    ☐ (2) the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.
    § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise
    to Federal jurisdiction had existed; **and**
    ☐ (3) the offense described in paragraph (2) above for which the defendant has been convicted was
    committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
    ☐ (4) a period of not more than five years has elapsed since the date of conviction, or the release of the
    defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

- ☒ (1) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
- ☐ (2) an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
- ☐ (3) an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
- ☐ (4) an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
- ☐ (5) an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

- ☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

- ☒ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

- ☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.
- ☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

- ☒ Weight of evidence against the defendant is strong
- ☒ Subject to lengthy period of incarceration if convicted
- ☒ Prior criminal history
- ☒ Participation in criminal activity while on probation, parole, or supervision
- ☒ History of violence or use of weapons
- ☐ History of alcohol or substance abuse
- ☒ Lack of stable employment
- ☐ Lack of stable residence
- ☐ Lack of financially responsible sureties

AO 472 (Rev. 11/16) Order of Detention Pending Trial

- ☐ Lack of significant community or family ties to this district
- ☐ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

The defendant is charged with conspiracy to manufacture, distribute and possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. section 846. He is charged as part of an indictment of members of the Latin King gang. A detention hearing was held on December 13, 2019, at which time the government presented the testimony of FBI Special Agent Craig Harvey and various exhibits. Special Agent Harvery was subject to cross-examination. The defendant did not introduce any evidence on his own behalf and consented to a voluntary order of detention at the conclusion of the evidence. The defendant is being held at the Norfolk County House of Correction. The defendant has filed an Emergency Motion for Release on Conditions due to the COVID-19 Pandemic. The parties have submitted pleadings and additional evidence. A further hearing was held remotely on April 24, 2020 at which time the court heard argument of counsel. After due consideration of all of the evidence and arguments of counsel, this court concludes that no conditions can be set that can reasonably assure the safety of the community if the defendant were to be released, and the Motion for Release is denied. In addition, while this court is very mindful of the COVID-19 public health crisis, especially in custodial settings, and the decision to keep the defendant in custody is not made lightly, the defendant does not have any preexisting medical conditions that would make him more vulnerable than other detainees to COVID-19. There have been no reported cases of COVID-19 in the inmate population at Norfolk. There is no basis to grant the defendant preferential release at this time.

The evidence before this court is that the defendant is the former Inca of the New Bedford chapter of the Latin Kings, with responsibilities that included setting rules and insuring the members' compliance. At the time of his arrest, the defendant was the Enforcer responsible for handling violations of the gang's rules, terminations, and any violence that was to be done against members, rival gang members and cooperating witnesses. The Latin Kings demand total loyalty of its members, and its rules are strictly enforced. The defendant was present at a recorded beating of a member where the member was beaten with a pipe or a bat, and other meetings where violence was ordered. He is also seen on a video helping cook cocaine base with a fellow member. The fellow member is seen on the video holding a kilogram of suspected cocaine. The Latin Kings use the sale of drugs to help fund their operations. While the defendant argues that the recordings are not as clear as the government contends, some of the descriptions are supported by the testimony of cooperating witnesses. In addition, this court notes that at the time of the detention hearing the evidence was deemed to be sufficiently compelling so that the defendant consented to detention.

In 2006 the defendant was convicted of possession with intent to distribute cocaine and was sentenced to 3 years of probation. In 2008, he was convicted of possession with intent to distribute cocaine base and was sentenced to 2 1/2 years in jail, 18 months suspended, and probation. In 2011 he was convicted of possession with intent to distribute heroin was was sentenced to 3 years and 1 day incarceration. There is no evidence he would comply with conditions of release. Moreover, even if the defendant was to remain inside the proposed residence, he could order other members to commit acts of violence. The risk of harm is too great.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:  04/27/2020                                              /s/ Judith Gail Dein

United States Magistrate Judge